**WOOLEYHAN TRANSPORT CO., and Norwalk Truck Lines, Inc. of Delaware, et al.**

**v.**

**HIGHWAY TRUCK DRIVERS AND HELPERS LOCAL NO. 107**

**and**

**Motor Transport Labor Relations, Inc.**

**Civ. A. Nos. 38406, 38427.**

United States District Court
E. D. Pennsylvania.

Nov. 24, 1965.

John F. E. Hippel, Robert W. Lees, Obermayer, Rebmann, Maxwell & Hippel, Philadelphia, Pa., for plaintiffs.

Marshall J. Seidman, Seidman & Rome, Philadelphia, Pa., for Helpers Local No. 107.

Hugh J. Beins, Washington, D. C., for International Brotherhood of Teamsters.

James J. Leyden, John W. Pelino, Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., for Motor Transport Labor Relations, Inc.

GRIM, District Judge.

This is a motion to stay the effectiveness of an arbitrator's award pending decision by the court of a motion to vacate and set aside the arbitrator's award.

In a prior proceeding, this court refused to enjoin the arbitration of the dispute between the Teamsters Local Union and the employer, arising out of the discharge of the three men involved in the case for allegedly "participating" in an unauthorized work stoppage that occurred in the Philadelphia area from June 20 to June 26, 1965. In that proceeding the court held (243 F.Supp. 321) that these discharge grievances were arbitrable under the collective bargaining agreement.

Subsequently the arbitrator heard the grievances and ordered the men reinstated but without back pay. The company contends here that the only issue that the arbitrator could decide was whether the three men "participated" in the work stoppage. The company contends that if they did participate, it was within its management prerogative under the collective bargaining contract to discharge the men forthwith and that consequently the arbitrator had no power to order the men reinstated to work without back pay.

In my opinion, the argument is more properly directed to the motion to vacate and set aside the arbitrator's award then to the present motion to stay the award. Moreover, on the record of this case, there has been no showing that the company will suffer any irreparable harm if the award is not stayed.

Consequently the motion to stay will be denied. The statements contained in this opinion shall constitute the court's findings of fact and conclusions of law in this matter.